IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT COTNER, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1183-M |
| | ) | |
| WARDEN BEAR, | ) | |
| | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Court Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent filed a motion to dismiss, Doc. 18, and brief in support, Doc. 19, and Plaintiff responded. Doc. 20. For the reasons set forth below, the undersigned recommends the court dismiss the petition.

**I.    Petitioner's claims.**

Petitioner offers his handwritten petition that the undersigned finds difficult to decipher. His rambling, repetitive statements are not easily crafted into legitimate legal arguments. After careful review however, the undersigned separates Petitioner's claims into three categories.

First, Petitioner is clearly seeking federal habeas relief based on the Oklahoma courts' alleged "suspension of habeas corpus and due process," violation of Oklahoma law, and discriminatory practices in Petitioner's state-court petitions. Doc. 1, at 1-2, 6-7.

Second, Petitioner alleges the State is detaining him "under a void sentencing order, for a crime he was <u>not</u> convicted of, <u>and</u> [he] was denied a direct appeal . . . <u>as</u> shown by appeals brief, <u>and</u> docket sheet." *Id.* at 6. This Court has previously recognized Petitioner's sentences all arise from his conviction in Case No. CRF-91-194. *See Cotner v. McCollum*, No. CIV-12-900-M, 2012 WL 5614820, at *1 (W.D. Okla. Oct. 31, 2012) (unpublished recommendation), *adopted*, 2012 WL 5614088 (W.D. Okla. Nov. 15, 2012) (unpublished order), *appeal dismissed*, No. 12-6309 (10th Cir. Jan. 4, 2013) (unpublished order).

Third, charitably interpreting the petition, it appears to incorporate by reference the underlying arguments Petitioner advanced in his state-court habeas petitions. Doc. 1, at 1-2, 6-7. But Petitioner failed to attach the exhibits he references. Again, liberally construing Petitioner's pleadings, the undersigned judicially notices the arguments contained in Petitioner's cited

2

state-court petitions, Cleveland County District Court Case Nos. WH-14-10 and WH-15-23.[1]  *Id.*[2]

In Case No. WH-14-10, Petitioner challenged Oklahoma's November 2013 amendments to the statutes governing pardon and parole (passed in House Bill 1722) and the Oklahoma Attorney General's July 2014 letter detailing medical parole guidelines.  *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&cmid=2188744&number=WH-2014-10 (last accessed Dec. 30, 2015).  Petitioner raised a similar argument about the State's 2013 parole statute amendments in Case No. WH-15-23.  *See*

---

[1] Petitioner cites WH-14-23 and gives the trial court's decision date as July 6, 2015.  Doc. 1, at 2.  The undersigned has searched Cleveland County District Court records, and WH-14-23 is not an existing case number.  However, Petitioner did have a habeas petition in Cleveland County District Court under the Case No. WH-15-23, with a trial court denial date of July 6, 2015.  The undersigned believes Petitioner made a scrivener's error in copying his case number.

[2] Petitioner also cites WH-14-07.  Doc. 1, at 2.  In that case, Petitioner did not challenge his sentence execution, but instead complained about his medical care and his alleged medical disabilities.  *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&cmid=2184842&number=WH-2014-7 (last accessed Dec. 30, 2015).  In an affidavit, Petitioner states he included these issues "only to show ex-post-facto punishment enhancements that were not part of Petitioner's sentence . . . ."  Doc. 21, attached Affidavit.  So, the undersigned does not address these claims.

http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&cmid=2201997&number=WH-2015-23 (last accessed Dec. 30, 2015).

Petitioner filed the instant petition under § 2241, but Respondent argues some claims actually implicate § 2254. Doc. 19, at 4, 14. The undersigned agrees.

## II. Petitioner's claims for federal habeas relief based on the Oklahoma courts' actions.

In significant part, Petitioner focuses his request for federal habeas relief on the Oklahoma courts' alleged misapplication of state law and court rules in rejecting his state-court habeas petitions. Doc. 1, at 6-7. Petitioner seeks an "[i]njunctive order compelling state courts to comply with, and enforce their own dist. court rule[s]." *Id.* at 8 (emphasis omitted). Whether these claims fall under § 2241 or § 2254, the State courts' alleged failures do not entitled Petitioner to federal habeas relief.

Petitioner misapprehends the purpose of a federal habeas corpus action and this Court's power over state-court decisions. This Court's federal habeas review under either § 2241 or § 2254 is limited to determining whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). So, even if the Oklahoma courts violated their own district rules and state law in rejecting Petitioner's pleadings, the error would not entitle him to federal

4

habeas relief. *See, e.g., Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("We discuss only the federal constitutional issues involved in this case."); *see also, e.g., Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citations omitted) (holding claims focusing "only on the State's post-conviction remedy and not the judgment which provides the basis for . . . incarceration, . . . states no cognizable federal habeas claim").

"[F]ederal courts hold no supervisory power over state judicial proceedings," and, generally, lack authority to direct state courts or their judicial officers in the performance of their duties. *Fero v. Kerby*, 39 F.3d 1462, 1480 (10th Cir. 1994); *see Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) ("[T]his court's role on collateral review isn't to second-guess state courts about the application of their own laws but to vindicate federal rights."); *see also Whitmore v. Jones*, No. CIV-10-1346-M, 2011 WL 4376351, at *4 (W.D. Okla. Aug. 16, 2011) (unpublished recommendation) ("Federal courts do not sit as 'super-appellate' courts to reconsider state court decisions."), *adopted*, 2011 WL 4383372 (W.D. Okla. Sept. 20, 2011) (unpublished order), *appeal dismissed*, 457 F. App'x 749 (10th Cir. 2012). So, this Court has no authority to order the state courts to comply with their own rules.

5

For these reasons, the undersigned recommends the court dismiss Petitioner's habeas claims based on the alleged errors the Oklahoma courts committed in ruling on their own extraordinary writs.

### III. Petitioner's claim he is being held under a void sentence or for a crime for which he received no conviction.

Petitioner next alleges the State is detaining him "under a void sentencing order, for a crime he was <u>not</u> convicted of, <u>and</u> [he] was denied a direct appeal . . . <u>as</u> shown by appeals brief, <u>and</u> docket sheet." Doc. 1, at 6. Petitioner gives no further details, and the undersigned finds no explanation in Petitioner's state-court petitions.

Respondent is correct this claim, as conclusory as it is, appears to challenge "the validity of" Petitioner's underlying conviction and thus falls under § 2254 rather than § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (explaining the distinction between § 2254 and § 2241 actions). Petitioner has already challenged his conviction, and his attempt to do so again here is second and successive. *See Cotner v. Cody*, No. 96-5269, 1998 WL 4336, *2 (10th Cir. Jan. 8, 1998) (unpublished op.) (affirming district court's dismissal of Petitioner's habeas challenge to CFR-91-194 and stating "in any future habeas petition, Cotner must comply with the requirements of 28 U.S.C. § 2244(b) [governing second and successive petitions]").

6

Federal law provides "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petition is "second or successive," and the Tenth Circuit has not granted authorization, the court lacks jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam).

Petitioner does not allege he has sought and been granted authorization to proceed with his successive writ of habeas corpus, and the undersigned finds no evidence of such. So, the undersigned finds the court lacks jurisdiction over Petitioner's § 2254 claims.

Under such circumstances, the court may either transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631," or, it may dismiss the petition. *Id*. at 1252. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." *Id*. The undersigned finds dismissal appropriate. Petitioner's claim is conclusory and unsupported and his conviction is over twenty years old. The undersigned sees little risk a meritorious successive claim will be lost absent transfer. *See, e.g.*, *Cotner*, 2012 WL 5614820 at *1

7

("'The legality of the petitioner's confinement has been determined repeatedly, and is no longer open to question.'" (citation omitted)).

**IV.     Petitioner's claims involving Oklahoma's parole procedures.**

As noted above, one must read Petitioner's cited state habeas cases to ascertain his § 2241 claims. The undersigned believes these claims challenge Oklahoma's 2013 and July 2014 pardon and parole amendments as ex post facto violations. The undersigned finds Petitioner has not properly exhausted these claims.

"A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies." *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Petitioner attempted to exhaust his state-court remedies when he raised the relevant claims in Case Nos. WH-14-10 and WH-15-23. However, the Cleveland County District Court dismissed both cases for Petitioner's failure to either pay the filing fee or submit a proper application to proceed in forma pauperis. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&cmid=2188744&number=WH-2014-10 (last accessed Dec. 30, 2015); http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&cmid=2201997&number=WH-2015-23 (last accessed Dec. 30, 2015). And, the Oklahoma Court of Criminal Appeals declined jurisdiction over Petitioner's combined appeal because he "failed to give adequate notice to the proper party." Doc. 19, Ex. 6, at 3.

The state courts dismissed Petitioner's pleadings on procedural grounds, and despite his nearly-unintelligible and conclusory complaints about the state courts, Petitioner has failed to demonstrate he lacks an available state-court remedy. So, the undersigned recommends the court dismiss Petitioner's § 2241 claims as unexhausted. *See Parrish-Parrado v. Waddington*, 616 F. App'x 390, 391 (10th Cir. 2015) (dismissing petitioner's appeal on grounds he "failed to address the required exhaustion of state court remedies" surrounding his § 2241 claim about parole procedures in state court).

V. **Recommended ruling and notice of right to object.**

The undersigned recommends the court dismiss Petitioner's petition for habeas relief. The court's adoption of this recommendation will moot Petitioner's conclusory and nonsensical "Notice to Court and Motion on Imminent Danger Issue," Doc. 4, and "Motion to Dismiss Charges or for Speedy Trial on Untried Allegations," Doc. 21. Such adoption will also moot any and all pending motions.

The undersigned advises the parties of their right to object to this report and recommendation by January 20, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties failure to make timely objection to this report and recommendation waives

their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 31st day of December, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE